**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Vivian Woods-Flowers,<br><br>Plaintiff,<br>v.<br><br>Biltmore Asset Management, LLC,<br><br>Defendant. | Civil Action No.: 1:13-cv-01191 |

## COMPLAINT

For this her Complaint, Plaintiff, Vivian Woods-Flowers, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), and the D.C. Consumer Protection Act, D.C. Code § 28-3814, *et seq.*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Jurisdiction over Plaintiff's claims sounding in violations of the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C. § 1367(a).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in the District.

## PARTIES

5. Plaintiff, Vivian Woods-Flowers ("Plaintiff"), is an adult individual residing in Washington, District Of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Biltmore Asset Management, LLC ("BAM"), is an Ohio business entity with an address of 19885 Detroit Road, Suite 317, Rocky River, Ohio 44116. As its principal business, BAM regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another. As such, BAM is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

7. Does 1-10 (the "Collectors") are individual collectors employed by BAM and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. BAM at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. Plaintiff's ex-husband allegedly incurred a financial obligation in the approximate amount of $31,000.00 (the "Debt") to U.S. Bank (the "Creditor").

10. The Debt was incurred by Plaintiff's ex-husband for personal reasons, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was a consumer credit sale or a direct installment loan as those terms are used by DCCPA § 28-3814(a) and defined by § 28-3802.

12. Subsequently, the Debt went into arrears.

13. Thereafter, the Debt was purchased, assigned or transferred to BAM for collection, or BAM was employed by the Creditor to collect the Debt.

14. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. BAM Engages in Harassing Debt Collection Tactics**

15. Within the last year, BAM placed calls to Plaintiff's residential telephone in an attempt to collect the Debt, which was incurred by Plaintiff's ex-husband (the "Debtor").

16. Plaintiff was not a co-signer on the Debt and is in no manner financially responsible for repayment of the Debt.

17. During two conversations, BAM informed Plaintiff that it would garnish "someone's" wages. This made Plaintiff believe that her wages would be garnished if the Debt was not paid.

18. In addition, BAM informed Plaintiff that they could "turn the case over to an attorney" who could "take it further" if the Debt was not paid.

**C. Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

20. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in

connection with collection of the Debt.

23. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant's used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

24. Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened Plaintiff with garnishment if the Debt was not paid.

25. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action against Plaintiff.

26. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE DCCPA - D.C. Code § 28-3814

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. The Debt arose from a credit transaction for family, household or personal purposes, which meets the definition of "consumer credit sales" under D.C. Code § 28-3814(a) (2001 ed., as amended).

31. BAM is a "debt collector" as defined by D.C. Code § 28-3814(b)(3) (2001 ed., as amended).

32. Defendant's conduct violated D.C. Code § 28-3814(f)(5) (2001 ed., as amended), in that Defendant threatened Plaintiff with legal action and garnishment.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple

violations of the District of Columbia Fair Debt Collection Practices Act.

34. Plaintiff is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and D.C. Code § 28-3814(j)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Punitive damages pursuant to D.C. Code § 28-3814(j)(2); and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 1, 2013

Respectfully submitted,

By: *<u>/s/ Jody Burton</u>*_____________

Jody B. Burton, Esq.
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff